# United States District Court

NORTHERN DISTRICT OF GEORGIA

**ORIGINAL**

UNITED STATES OF AMERICA
v.

ALEXANDER B. HILL

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:13-MJ-181

FILED IN CHAMBERS
FEB 11 2013
U.S. MAGISTRATE JUDGE
N.D. GEORGIA

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Between December 2012 and January 2013, in Henry County and elsewhere in the Northern District of Georgia, the defendant did,

attempt to possess with intent to distribute cocaine, a Schedule II controlled substance, and possess a firearm in furtherance of a drug trafficking crime

in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 924(c).

I further state that I am a agent of the Federal Bureau of Investigation (FBI) and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof.    (X) Yes ( ) No

Signature of Complainant
James P. Hosty, IV

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

February 11, 2013                             at   Atlanta, Georgia
Date                                               City and State

Alan J. Baverman
United States Magistrate Judge
Name and Title of Judicial Officer               Signature of Judicial Officer

AUSA Brent A. Gray

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT
## FOR ALEXANDER B. HILL

I, James P. Hosty, IV, being duly sworn, depose and state the following:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for approximately 7 years. I am currently assigned to the Atlanta, Georgia office and work on the Civil Rights/Human Trafficking/Public Corruption Squad, which has the responsibility for investigating police corruption, among other federal crimes. I am a law enforcement officer of the United States, FBI, U.S. Department of Justice, within the meaning of Title 18, United States Code, Section 3052, which includes being an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses pursuant to Title 18, United States Code, Section 3052.

2. During my law enforcement career, I have participated in dozens of investigations relating to drug trafficking and police corruption. I have received specialized training in the methods and techniques used by drug trafficking organizations. I have debriefed many witnesses and confidential informants about drug trafficking generally, as well as the specific practice of employing corrupt law enforcement officers as part of a drug trafficking scheme. Through this training and experience, I have become familiar with many of the patterns of activity exhibited by drug traffickers. Except where I state that I am relying on my training and experience as described here, the information in this affidavit is based on information and belief, the source of that information and basis for that belief being my own investigation and information obtained by other law enforcement agents.

3. I submit this affidavit in support of a warrant for the arrest of ALEXANDER B. HILL for attempted possession with the intent to distribute cocaine in violation of Title 21, United

States Code, Section 841 and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

## BACKGROUND OF INVESTIGATION

4. Based on my training and experience, I know that sophisticated drug trafficking groups distribute narcotics using a variety of covert methods that are designed to avoid detection by law enforcement and others. If detected, they are aware law enforcement will seize the drugs and money and arrest them. They also know that other drug dealers or criminal groups will rob them, if given a chance, stealing both the drugs and money. In the worst case, drug deals can turn violent.

5. Given these risks, drug traffickers occasionally attempt to enlist law enforcement officers to provide protection both for them and the drug transactions they conduct. In employing corrupt police officers at a drug deal, the traffickers hope to prevent rival groups from intervening and ultimately stealing their drugs and the drug proceeds. Additionally, they hope to keep legitimate law enforcement at bay by positioning a visible law enforcement presence at or near the drug transactions. In these cases, drug traffickers are willing to pay thousands of dollars to corrupt law enforcement officers who will provide protection for these transactions.

6. In August, 2011, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) was investigating a street gang in the Metro Atlanta area. During the course of that investigation, a confidential informant (CI-1) provided information about the gang's criminal activities. CI-1 told federal agents that police officers were involved in protecting the gang's activities, including their drug trafficking crimes. In general, these police officers, in uniform, driving police vehicles or otherwise displaying indicia of their positions, protected the drug dealers from being detected or arrested by other law enforcement officers and from being robbed by other drug dealers. The

information provided to federal agents by CI-1 regarding the use of law enforcement officers to protect drug deals is consistent with my experience and training in the investigation of similar cases.

7. CI-1, who had been working with federal agents since August, 2011, communicated to gang members and their associates that CI-1 would need police protection for his/her upcoming drug transactions. Shortly thereafter, Shannon Bass, Jerry B. Mannery, Jr., and Elizabeth Coss, none of whom are law enforcement officers, began identifying to CI-1 law enforcement officers interested in protecting his/her drug deals. Once those individuals were identified, information regarding the location and circumstances of the proposed drug deals was relayed to CI-1 and/or Shannon Bass, Jerry B. Mannery, Jr., Elizabeth Coss for him/her to pass along to law enforcement officers who expressed an interest in protecting the drug transactions.

## FACTS ESTABLISHING PROBABLE CAUSE

8. <u>December 18, 2012 Meeting.</u> On December 18, 2012, a confidential informant (CI-1) met with ALEXANDER B. HILL at Marlowe's Tavern, 4156 Lavista Road, Tucker, Georgia. During this meeting, CI-1 observed that ALEXANDER B. HILL was wearing a police uniform. ALEXANDER B. HILL told CI-1 that he was a police officer in Clayton County, Georgia, and that he was interested in providing protection for CI-1 while CI-1 conducted an illegal drug transaction.

9. <u>Drug Transaction on December 20, 2012.</u> On December 20, 2012, ATF agents surveilled a meeting between ALEXANDER B. HILL, a confidential informant (CI-1) and an undercover agent (UC-7) at a KFC restaurant, 4845 Jonesboro Road, Forest Park, Georgia. CI-1 arrived at the restaurant parking lot and was followed shortly by UC-7 who parked next to CI-1. UC-7 got out of his/her vehicle carrying a backpack and got into CI-1's's vehicle. ALEXANDER B. HILL was observed walking through the parking lot with a police badge on his belt and appeared to be watching CI-1's vehicle. Inside CI-1's vehicle, CI-1 provided UC-7 a backpack containing

three kilograms of counterfeit cocaine. In exchange, UC-7 gave CI-1 a backpack containing $3,000. UC-7 got out of CI-1's vehicle with the backpack containing the counterfeit cocaine and left the parking lot. Then, ALEXANDER B. HILL walked to CI-1's vehicle and CI-1 gave ALEXANDER B. HILL the $3,000 payment. These transactions were audio and video recorded.

10. <u>Drug Transaction on January 4, 2013.</u>  On January 4, 2013, FBI and ATF agents surveilled a meeting between ALEXANDER B. HILL, CI-1 and UC-7 at a KFC restaurant, 4845 Jonesboro Road, Forest Park, Georgia. CI-1 arrived at the restaurant parking lot and was followed shortly by UC-7 who parked next to CI-1. UC-7 got out of his/her vehicle carrying a backpack and got into CI-1's vehicle. ALEXANDER B. HILL was observed walking through the parking lot and appeared to be watching CI-1's vehicle. Inside CI-1's vehicle, CI-1 provided UC-7 a backpack containing three kilograms of counterfeit cocaine. In exchange, UC-7 gave CI-1 a backpack containing $3,000. UC-7 got out of CI-1's vehicle with the backpack containing the counterfeit cocaine and left the parking lot. Then, ALEXANDER B. HILL walked to CI-1's vehicle and CI-1 gave ALEXANDER B. HILL the $3,000 payment. These transactions were audio and video recorded.

11. <u>Drug Transaction on January 11, 2013.</u>  On January 11, 2013, FBI and ATF agents surveilled a meeting between ALEXANDER B. HILL, CI-1 and CI-2 at a KFC restaurant, 4845 Jonesboro Road, Forest Park, Georgia. CI-1 arrived at the restaurant parking lot and was followed shortly by CI-2 who parked next to CI-1. CI-2 got out of his/her vehicle carrying a backpack and got into CI-1's vehicle. ALEXANDER B. HILL was observed getting out of his vehicle and placing something in the waistband of his pants. ALEXANDER B. HILL was also observed walking through the parking lot and appeared to be watching CI-1's vehicle. Inside CI-1's vehicle, CI-1 provided CI-2 a backpack containing three kilograms of counterfeit cocaine. In exchange, CI-2 gave

CI-1 a backpack containing $3,000. CI-2 got out of CI-1's vehicle with the backpack containing the counterfeit cocaine and left the parking lot. Then, ALEXANDER B. HILL walked to CI-1's vehicle and CI-1 gave ALEXANDER B. HILL the $3,000 payment. ALEXANDER B. HILL returned to his vehicle and left the parking lot. A short time later, a Georgia State Patrol officer stopped ALEXANDER B. HILL for a traffic violation. During the traffic stop, ALEXANDER B. HILL was found to be in possession of a loaded firearm. These transactions were audio and video recorded.

12. In communications leading up to and through the above-described drug transactions, the drug involved was described to ALEXANDER B. HILL as cocaine.

## CONCLUSION

13. Based on the foregoing, I submit there is probable cause to believe that ALEXANDER B. HILL attempted to possess with the intent to distribute cocaine in violation of Title 21, United States Code, Section 841 and possessed a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).